Park B. SMITH, Seymour Baruch, Alvin J. Bart, Ira Sarinsky, Americo Gambella, Jack Beyda and Edwin F. Teadore, Individually and on behalf of Carson CATV Associates, Plaintiffs,

v.

Martin BADER, Jeffrey S. Silverman, S. C. Communications Corp., Basil Cable Systems Incorporated and Carson Cable Television Company, Defendants.

No. 78 Civ. 2793 (RWS).

United States District Court,
S. D. New York.

Oct. 23, 1978.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for plaintiffs by Erwin L. Cherovsky, William A. Alper, New York City, of counsel.

Spengler, Carlson, Gubar, Churchill & Brodsky, New York City, for defendants by Edward Brodsky, William J. McSherry, Jr., New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs in this action are limited partners in Carson CATV Associates (the "Partnership"), a California limited partnership. Defendants are S.C. Communications Corp., the general partner of the Partnership, and various corporations and individuals alleged to be, directly or indirectly, in control of defendant Carson Television Company, which sold equipment used in the cable television system of the Partnership. Defendants have brought this motion to dismiss the complaint for failure to join an indispensable party (the Partnership) or, in the alternative, an order directing the plaintiffs to join the Partnership as a de-

fendant in this action (Rules 12(b) and 19, Fed.R.Civ.P.) and to dismiss the derivative claims alleged in the complaint. Plaintiffs seek an order upon motion made orally upon argument prohibiting the defendants from obtaining relief pursuant to the indemnification provision of the Limited Partnership Agreement.

■ Defendants assert that the fifth through eighth claims set forth in the complaint must be dismissed since they are derivative in nature. The question presented is whether, under California law (which both parties concede is applicable) a limited partner may maintain a derivative action on behalf of the Partnership. For the reasons set forth below, this court concludes that the actions lie, and the motion will be denied.

California's Limited Partnership Act provides as follows:

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership. § 15526, California Corporations Code.

Defendants would have this court strictly construe this statute so as to deny plaintiffs their derivative claims. However, a strict interpretation of the statute is not supported by the authorities. Furthermore, § 15529 of the Corporation Code provides as follows: "[i]n any case not provided for in this act the rules of law and equity . . shall govern." Equity, in this instance, demands a liberal interpretation of the statute in the absence of a direct prohibition of a derivative cause.

In *Linder v. Vogue Investments, Inc.*, 239 Cal.App.2d 338, 48 Cal.Rptr. 633, 635 (2d Dist.Cal.1966) the court allowed a limited partner to intervene on behalf of the partnership. The court stated that

If it were the law that a limited partner . . . must sit idly by and watch [his investment in the partnership] disappear because the general partner refuses to

defend an unmeritorious or collusive action against the partnership, something would have to be done about it.

*Id.*, 48 Cal.Rptr. at 635. A similar consideration prompted the court in *Kobernick v. Shaw*, 70 Cal.App.3d 918, 139 Cal.Rptr. 188, 191 (Dist.Ct.App.1977) to allow a limited partner to assert a cross-claim on behalf of himself and fellow limited partners. Similarly, in the case *sub judice,* to preclude the derivative claims would effectively bar the Partnership, and possibly the limited partners, from obtaining judicial relief as a result of the general partner's alleged self-dealing, conversion of assets and opportunities and breach of fiduciary duty. Such a result would be inequitable. The principle stated by the court in *Continental Vinyl Products Corp. v. Mead Corp.*, 27 Cal.App.3d 551, 103 Cal.Rptr. 806, 811–12 (2d Dist.Cal. 1972), which relied in part on the decision in *Linder*, is analogous to this situation:

What would otherwise be a consequential interest not justifying intervention may become a direct interest permitting it when bad faith of a party to the litigation, the assertion by all parties to the litigation of claims adverse to the party seeking to intervene, collusion, impossibility of asserting a position that should be presented in the litigation, or similar circumstances render strict definition of direct interest likely to result in injustice.

Allowing intervention in such circumstances, where a strict interpretation is likely to result in injustice, is equivalent to allowing the limited partners to proceed derivatively in this circumstance.

■ In addition, the object of the derivative action is, in essence, to enforce the limited partners' rights against the Partnership, albeit by an action against the general partner, to protect their interest in the Partnership. Actions to protect such rights are permitted by § 15526 of the Corporations Code and will be allowed here. This interpretation is consistent with the purpose of the statute, which is to insulate the limited partners from third parties dealing

with the Partnership;[1] there is nothing to indicate the statute was intended to place restrictions upon the judicial remedies afforded limited partners in their dealings with the general partner and partnership.[2] Therefore, the derivative allegations will be allowed.

■ Defendants also seek, pursuant to Rules 12(b) and 19, Fed.R.Civ.P., either dismissal of the complaint or, in the alternative, joinder of the Partnership as a necessary party.[3] The Partnership is an indispensable party to this action for reasons analogous to a corporation being an indispensable party in a shareholders' derivative action. See Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). If the general partner has converted the corporate assets or opportunities of the Partnership, it is the Partnership which has the primary interest; the limited partner has no property interest in the assets of the partnership, but only a right to share in the profits. Evans v. Galardi, 16 Cal.App.3d 300, 128 Cal.Rptr. 25 (Cal.1976). Furthermore, much of the relief sought by the plaintiffs would have a direct effect on the Partnership and its assets: e. g., rescission of the sale of the limited partnership units and the appointment of a receiver to operate the business of the Partnership. The protection of such interests may be impeded in the Partnership's absence from this action since both the plaintiffs and defendants are necessarily primarily concerned with protecting their own interests, which may not, in all instances, coincide with those of the Partnership. In addition, the defendants may be open to double, multiple or otherwise inconsistent obligations since plaintiffs do not represent all the limited partnership interests. The addition of the Partnership to this action would effectively eliminate this possibility. Since it is alleged that the Partnership is in antagonistic hands, it should properly be added as a party defendant to this action. See Koster v. Lumbermens Mutual Co., 330 U.S. 518, 523, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). Therefore, plaintiffs, having failed to state, pursuant to Rule 19(c), any reason why the Partnership cannot be joined, are directed to add the Partnership as a party to this action.

■ Finally, as to the indemnification provision in the Partnership's Agreement of Limited Partners, this court is aware of the public policy arguments against the enforceability of such provisions with respect to violations of the federal securities laws. Globus v. Law Research Service, Inc., 418 F.2d 1276 (2d Cir. 1969), cert. denied, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). However, the general partner has yet to make a claim pursuant to the indemnification provision. Absent this issue actually being in controversy, this court declines to issue an advisory opinion as to the enforceability of the provision. The issue will be dealt with at the appropriate time.

SO ORDERED.

---

1. The Supreme Court of California has stated: "The obvious purpose underlying legislative recognition of this type of business entity was to encourage trade by permitting 'a person possessing capital to invest in business and to reap a share of the profits of the business, without becoming liable generally for the debts of the firm, or risking in the venture more than the capital contributed, provided he does not hold himself out as a general partner, or participate actively in the conduct of the business.'" Evans v. Galardi, 16 Cal.App.3d 300, 128 Cal. Rptr. 25, 30 (Cal.1976).

2. It should also be noted that § 7.04 of the Limited Partnership Agreement provides for the eventuality of a derivative suit against the General Partner.

3. Whether or not this is, as plaintiffs assert, a ploy to have the Partnership pay the defense costs of this litigation is of no consequence to the question of whether or not the Partnership is a necessary party. Should that issue arise, this court will, at the appropriate time, closely scrutinize the allocation of costs and legal fees to assure that there has been no overreaching and that the allocation is proper.