[Civ. No. 54086. Second Dist., Div. Two. May 9, 1979.]

BEN D. KELLIS, Plaintiff and Appellant, v.
ELLIS RING, Defendant and Respondent.

## COUNSEL

Mitchell, Silberberg & Knupp, Arthur Groman and Richard M. Mosk for Plaintiff and Appellant.

Richards, Watson, Dreyfuss & Gershon, Harry L. Gershon and Robert M. Goldfried for Defendant and Respondent.

## OPINION

**BEACH, J.**—Ben D. Kellis, assignee of a limited partnership interest in an apartment house project, sued defendant Ellis Ring, a general partner in the limited partnership and an officer or director in companies that allegedly provided management services for the apartment complex. Kellis sought declaratory relief and an injunction; he asked the court to make a "judicial determination and declaration as to plaintiff's and defendants' respective rights and duties with respect to said Limited Partnership and specifically whether by being an officer and director of, and having an interest in Ring Brothers Corporation and Ring Brothers Management Corporation and their affiliates and by doing acts in furtherance of such interest, defendant Ellis Ring is in violation of his fiduciary and trust relationships to plaintiff." The second cause of action was to enjoin Ring "from holding any employment or managerial position with or having any interest in Ring Brothers Corporation, Ring Brothers Management Corporation or affiliated companies." A demurrer was sustained to the complaint, and an order of dismissal was entered. The minute order sustaining the demurrer stated, "[t]he complaint pleads a cause of action for breach of fiduciary duty, but plaintiff has no standing to bring the action. An assignee is limited by Corporations Code

section 15519."[1] The trial court denied a motion for reconsideration or, in the alternative, for a new trial.

 Kellis appeals from the order sustaining the demurrer and dismissing the action and from the order denying the motion for reconsideration or in the alternative for a new trial.[2]

CONTENTIONS ON APPEAL:

Appellant contends:

1. The Uniform Limited Partnership Act does not bar an assignee of a limited partnership interest from suing the general partner for breach of fiduciary duty. A construction prohibiting such an action is contrary to the act, contrary to general principles of law and equity, and contrary to analogous cases.

2. If section 15519 is construed to deprive an assignee of a limited partnership interest of his right to bring an action to protect his property interest in the limited partnership, the statute is unconstitutional as an unlawful "taking" of property.

Respondent contends:

1. The trial court properly ruled that an assignee of a limited partnership interest has no authority or right to maintain an action against a general partner for breach of fiduciary duty. The assignee's rights are limited by section 15519.

2. The court should not hold section 15519 unconstitutional as the issue was not properly raised below, nor is any constitutional principle offended by a construction of the Limited Partnership Act which precludes an assignee from seeking to interfere in the management of the

---

[1]Unless otherwise indicated, in this opinion all references to section followed by number are to the California Corporations Code.

[2]While the order of dismissal is appealable, an order sustaining a demurrer is not appealable. (*Berri* v. *Superior Court*, 43 Cal.2d 856, 860 [279 P.2d 8].) The order denying new trial is also not appealable. (See 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 71, pp. 4084-4085, and cases cited therein.) As for the motion for reconsideration, such motion may be made prior to final judgment. (*Berri* v. *Superior Court, supra*, 43 Cal.2d at p. 860; 3 Witkin, Cal. Procedure (2d ed.) Pleadings, § 836, p. 2443, and cases cited therein.) In the case at bench, however, the motion was not made until after the order of dismissal was entered. Nevertheless, there is a proper appeal from the order of dismissal following the sustaining of the demurrer without leave to amend.

partnership and from obtaining information concerning partnership finances and business operations when the assignee has not alleged any damage to his sole right to income and profits.

DISCUSSION:

*Section 15519 delineates the rights of assignees of limited partners who are not substituted limited partners.*

The Uniform Limited Partnership Act (§ 15501 et seq.) describes four classes of persons with interest in a limited partnership: general partners, limited partners, substituted limited partners, and assignees of a limited partner's interest who do not become a substituted limited partner. (§§ 15501, 15519.)

Subdivision (3), section 15519 describes the rights of an assignee who is not a substituted limited partner as follows: "An assignee, who does not become a substituted limited partner, has no right to require any information or account of the partnership transactions, to inspect the partnership books, or to vote on any of the matters as to which a limited partner would be entitled to vote pursuant to the provisions of section 15507 and the certificate of limited partnership; he is only entitled to receive the share of the profits or other compensation by way of income, or the return of his contributions, to which his assignor would otherwise be entitled."

Appellant contends that this section is not exclusive and must be read in conjunction with section 15529 which provides: "In any case not provided for in this act the rules of law and equity . . . shall govern."

Respondent, while conceding that appellant would have the right to sue for damages if his profits or other compensation were impaired, contends that subdivision (3) defines all the rights of the assignee who is not a substituted limited partner and that under that section appellant does not have standing to sue.

We agree with respondent that section 15519 limits the rights of assignees of limited partners who are not substituted limited partners. While appellant has a right to receive "the share of the profits or other compensation by way of income, or the return of his contributions to which his assignor would otherwise be entitled," he has no right to interfere in the management of the limited partnership.

Viewed forthrightly, substantively and apart from the niceties of pleading and form it is clear that appellant seeks to interfere in the management of the limited partnership totally contrary to the statutory provisions.

Any other construction of section 15519 would thwart the legitimate purposes of the statutory scheme. Those purposes are based on the fact that limited partners themselves have only circumscribed opportunities to inquire into or challenge the management of the partnership, for reasons associated with the very nature of the limited partnership relation. Even greater restrictions are understandable for one who is involved only as an assignee of that interest and who for whatever reasons has not been accorded the status of a substituted limited partner. Thus it may be that the very assignee at bench may have sought entry into the partnership in question as a limited partner and had been refused such status by the general partner. Possibly the presence of the assignee would have chilled or prevented the association of the current limited partners if he had been accepted as such; or it may be that the assignee having sought a limited partnership interest and been refused found a person acceptable to the general partner who purchased a limited interest for the sole purpose of transferring that interest to the assignee at bench and did not make such purpose known to the general partner. Personality is the very essence of a general partnership and although not as inherently pervasive in a limited partner, it is clear that the section 15519 and the nature of this legal entity does place a premium on personality. The law has provided for the limited preservation of that relationship. It is reasonable to assume that a general partner, about to form a limited partnership for the conduct of a business would not bring into the business association limited partners with whom he had unfavorable contacts or who he considered meticulously curious or one who he thought was litigation minded anymore than he would have a general partner subject to the same shortcomings. One conclusion clearly stands out. A person definitely rejected as a limited partner could nevertheless by becoming an assignee of an acceptable limited partnership defeat the decision of those who originally formed the limited partnership.

It is apparent that because appellant may have acquired his assignment under one of the several circumstances described above, his right to raise the kind of issue he seeks to present may justifiably be less than one who was a participant as a limited or substitute partner. When the statute provides that one who has come into his interest by assignment without more *"has no right to require any information* or account of the partnership transactions," has no right *"to inspect* the partnership books,"

no right "*to vote* on any of the matters" etc. and that he is "*only entitled* to receive a share of the profits" etc. the restrictive character of the language is intentional even if not categorically exclusive. On the facts pleaded at bench we cannot come to any other conclusion.

■ In summary, we hold that beyond the limits described in the statute a mere assignee has no voice in the internal management of a partnership. The statute does not thus deprive an assignee of property, but merely recognizes the different business associations and conditions that persons may lawfully make and the legitimate reasons therefor. More to the point, at bench appellant did not sue for deprivation of or damage to his property or investment. Appellant alleged a breach of fiduciary duty by respondent. But this is not enough to allege, nor does it describe facts, showing deprivation of or damage to his property. Appellant sought declaratory relief and injunction. We agree with the trial court that section 15519 governs and that under that section appellant has no right to bring this action.

Our holding does not leave appellant without remedy. He does have a right to income, profits and return of contributions; if in fact there has been interference with those rights, he may sue for damages. Also he could have conditioned the purchase of his interest on becoming a substituted limited partner with all the rights of that status.

We do not hold and we do not decide whether an action for damages alone is the sole remedy of an assignee. It may be that upon a proper pleading of facts disclosing theft, actual fraud or other illegal act on the part of a general partner—whereby assets or profits are siphoned off for the use of the general partner or partners—the assignee may well be able to plead sufficient facts to entitle him to maintain an action for injunctive relief as well as general and other damages. If an action were brought on such facts properly pleaded, appellant may be entitled to deposition or discovery to obtain facts showing he was being bilked out of his property or profits. The facts pleaded at bench suggest no such situation.

■ 2. *The issue of the constitutionality of section 15519 was not properly raised below.*

Appellant argues that, assuming section 15519 is construed to limit his rights, that construction constitutes an unlawful "taking" of property under the Fourteenth Amendment. Although not properly raised we answer the contention briefly. It needs no lengthy discussion for the

reasons: (1) substantively, we have explained above that the statute is a recognition of reasonable variations or methods of associations whereby individuals may do business. The statute simply sets out for all to know the extent of the rights and obligations of the different forms of association. The legitimate and reasonable purposes also have been explained above. (2) procedurally, as respondent asserts, appellant had not raised this issue prior to the order of dismissal; alleged unconstitutionality was raised for the first time in the motion for reconsideration or, in the alternative, for a new trial. Even then, no precise description of the purported unconstitutionality was given. Appellant did not sue for recovery of his investment or interest in the partnership, which constitutes his personal property (§ 15518). The right to recovery in damages for any loss of property was not thus presented as an issue. It follows that under the pleadings at bench there was no "taking" of appellant's property alleged. The sustaining of the demurrer based on the trial court's recognition of section 15519 therefore did not permit or effect any "taking" without due process. Given the tardy (*Bidart Bros.* v. *Elmo Farming Co.,* 35 Cal.App.3d 248, 262-263 [110 Cal.Rptr. 819]) and vague raising of the issue below, further discussion of the issue on appeal is unnecessary.

The judgment (order of dismissal) is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1979. Mosk, J., did not participate therein.