R. S. ELLSWORTH, INC., a Hawaii corporation; J. Edwin Coates; James W. Ellsworth; R. S. Ellsworth; R. S. and Helene W. Ellsworth; Russell G. and Cristina L. Ellsworth; Stanley H. and Bromwyn Kiyonaga; William L. and Vivian S. Phillips; Lawrence D. and Stephanie Sher; and Suzanne Duryea Witt; Individually and in the right of Hawaii Loa Ridge Ventures, a Hawaii registered limited partnership, Plaintiffs-Appellants, Cross-Appellees, *v.* AMFAC FINANCIAL CORP., a Hawaii corporation, Defendant-Appellee, Cross-Appellant, and THOMAS LAWRENCE JETT, Defendant-Appellee, Cross-Appellant, and JOHN DOES 1 through 10, Defendants

NO. 7827

(CIVIL NO. 49586)

OCTOBER 25, 1982

RICHARDSON, C.J., LUM, NAKAMURA, HAYASHI, JJ., AND RETIRED JUSTICE MENOR, ASSIGNED TEMPORARILY, IN PLACE OF PADGETT, J., RECUSED

*Per Curiam.* The primary question in this case is whether plaintiffs-appellants have standing to sue. The trial court ruled that plaintiffs had no such standing and granted defendants-appellees' motion to dismiss plaintiffs' suit. We affirm.

Plaintiffs-appellants are stockholders of R. S. Ellsworth, Inc., a Hawaii corporation. R. S. Ellsworth, Inc. is the sole limited partner of Hawaii Loa Ridge Ventures, a Hawaii limited partnership of which Michael Ross, Carlos Read and Hawaii Loa Ridge, Inc. (later renamed Hawaii Loa Ridge Nominee, Inc.) are general partners.

The partnership was formed for the purpose of developing a residential subdivision on Hawaii Loa Ridge, a parcel of land located on the mauka side of Kalanianaole Highway between Aina Haina and Niu Valley on the island of Oahu. In 1972, Ross and Read, pursuant to their development plan, sought financing to complete the acquisition of options and rights to purchase the various parcels on this ridge. Hawaii Loa Ridge, Inc. was formed by Ross and Read to hold legal title to the property options as the nominee and trustee of Hawaii Loa Ridge Ventures.

Defendant-appellee Amfac Financial Corp. (Amfac) was hired to serve as financial adviser and mortgage broker for the partnership. Amfac was able to arrange a loan of $15 million from Continental Mortgage Investment (CMI) on behalf of the partnership. The three-year loan was secured by a note and a mortgage on the Ridge property. Thereafter certain withdrawals were made by the partnership against the loan.

Defendant-appellee Thomas Lawrence Jett was an officer of Amfac's Mortgage Loan Department and was Amfac's key representative in arranging the loan with CMI. In 1973, Jett resigned from Amfac and thereafter formed a partnership with Ross and Read to develop a housing project in San Pedro, California.

On August 1, 1973, Amfac made a loan of $950,000 to this partnership which was secured by a second mortgage on the Hawaii Loa Ridge property. The second mortgage was in violation of the CMI mortgage, since the CMI mortgage prohibited further encumbrances on the Ridge property.

In 1975, CMI filed an action in the circuit court against the Ridge Venture limited partnership to foreclose its mortgage. *Guinee v. Hawaii Loa Ridge Nominee, Inc.,* Civil No. 45482 (1st Cir. Ct., Hawaii). The limited partner R. S. Ellsworth, Inc. was not named in the suit.

The court granted a decree of foreclosure because of the partnership's failure to pay outstanding principal, interest and real property taxes and failure to carry out the development with diligence. *Id.,* Findings of Fact and Conclusions of Law (Dec. 23, 1976).

On October 6, 1976, plaintiffs filed a derivative action on behalf of the limited partnership Hawaii Loa Ridge Ventures, seeking monetary damages from defendants Amfac and Jett. Plaintiffs in their complaint alleged, *inter alia,* that defendants had interfered with the contractual relationships between the general and limited partners of Hawaii Loa Ridge Ventures and between Hawaii Loa Ridge Ventures and CMI. Plaintiffs further alleged that defendants had induced the breach of the general partners' fiduciary duties to the limited partner R. S. Ellsworth, Inc. Plaintiffs also made what essentially amounted to a claim for "slander of title" against Amfac for its recordation of the second mortgage on Hawaii Loa Ridge property without the consent of CMI. On October 22, 1976, Amfac moved to dismiss plaintiffs' complaint on the grounds that it failed to join Hawaii Loa Ridge Venture's general partners in the suit as indispensable parties.

In response to defendants' motion to dismiss, plaintiffs filed an amended complaint on January 28, 1977. Unlike plaintiffs' original complaint, the amended complaint was not a derivative action. The limited partnership Hawaii Loa Ridge Ventures was dropped as a party to the action and the amended complaint was filed in the names of the sole limited partner R. S. Ellsworth, Inc. and its individual stockholders. Plaintiffs also moved to join the remaining stockholders of R. S. Ellsworth, Inc. as additional plaintiffs.

On March 3, 1977, the motions court denied defendants' motions to dismiss the amended complaint and the causes of action therein. Defendants filed a cross-appeal from this order and other pretrial orders.

On December 19, 1979, the trial court entered an order granting defendants' motion to dismiss, denying plaintiffs' motion for partial summary judgment and entering judgment in favor of defendants Amfac and Jett. With regard to the procedural grounds for dismissing the action, the trial court found that (1) the claims and causes of action alleged by plaintiffs did not belong to plaintiffs, (2) the individual plaintiffs named in the amended complaint did not have

standing to sue upon any of the claims or causes of action alleged therein, and (3) plaintiffs had failed to allege a derivative action through the limited partnership, which was required by the nature of the claims and causes of action alleged in the amended complaint. From the above order and other pretrial orders, plaintiffs filed this appeal.

I.

At common law, a partnership was not considered a separate legal entity, but merely an aggregation of individuals. Historically, a partnership could not sue or be sued in the name of the partnership, but only in the names of the individual members of the partnership. *See generally* Hecker, *Limited Partners' Derivative Suits Under the Revised Uniform Limited Partnership Act*, 33 Vand. L. Rev. 343 (1980).

The Uniform Limited Partnership Act (ULPA), originally drafted in 1916, basically codified the common-law approach to partnerships. 6 Uniform Laws Ann. 561 (1969). Unlike corporations which were regarded as separate entities, limited partnerships were treated as an aggregate of its individual members. The 1916 ULPA had no provisions for a derivative suit by individual members on behalf of a limited partnership, since theoretically there was no distinct partnership entity separate from its members.

The present statutory provisions in this jurisdiction still follow to an extent the provisions of the 1916 ULPA. HRS § 425-46 (1976) regarding the limited partner's right to bring or defend an action is identical to section 26 of the ULPA, 6 Uniform Laws Ann. 614 (1969). It provides that

§ 425-46 *Parties to actions.* A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

HRS § 425-46 could be literally interpreted to bar any derivative action by a limited partner on behalf of the partnership because technically the limited partner would be a party bringing an action to enforce the rights of the partnership. Other jurisdictions with identical statutory provisions, however, have interpreted the above statutory provisions to mean only that limited partners need not join as plaintiffs in an action brought by the limited partnership. *Klebanow v. N.Y. Produce Exchange,* 344 F.2d 294, 298 (2d Cir. 1965); *Smith v.*

*Bader*, 458 F. Supp. 1184, 1186 (S.D.N.Y. 1978). As long as the general partners have wrongfully refused to file a suit on behalf of the partnership, courts in other jurisdictions have allowed limited partners to sue on behalf of the limited partnership. *Klebanow v. N.Y. Produce Exchange, supra* at 299; *Smith v. Bader, supra* at 1186-87; *Riviera Congress Associates v. Yassky*, 18 N.Y.2d 540, 547, 223 N.E.2d 876, 879, 277 N.Y.S.2d 386, 391 (1966).

The drafters of the ULPA as amended in 1976 recognized the growing trend among jurisdictions and promulgated provisions allowing limited partners to maintain a derivative action on behalf of the limited partnership. Section 1001 of the 1976 ULPA, which Hawaii has not yet adopted, provides that

§ 1001. [*Right of Action*]

A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

6 Uniform Laws Ann. 190 (Supp. 1982).

The Intermediate Appellate Court in *Phillips v. Kula 200*, 2 Haw. App. 206, 629 P.2d 119 (1981), addressed the problem of the limited partner's right to maintain a derivative action under our present statutory provisions. The court held in *Phillips* that under HRCP Rule 23.1, a limited partner may maintain a derivative action on behalf of the limited partnership, if the limited partnership refuses to bring an action for damages against its general partners for breach of their fiduciary duties. HRCP Rule 23.1 provides as follows:

DERIVATIVE ACTIONS BY SHAREHOLDERS. In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts made by the plaintiff to obtain the action

he desires from the directors or comparable authority and from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

Plaintiffs cite *Phillips* in support of their contention on appeal that the trial court erred in holding that they had no standing to bring this action against third-party defendants Amfac and Jett. Plaintiffs, however, cannot rely on *Phillips* in this case because plaintiffs here have failed to file a derivative action on behalf of the limited partnership.

The only named plaintiffs in the amended complaint are R. S. Ellsworth, Inc., the sole limited partner of Hawaii Loa Ridge Ventures, and its individual stockholders. The causes of action plaintiffs assert in their complaint, however, are not claims directly accruing to R. S. Ellsworth, Inc. as an individual member of the limited partnership, but are essentially derivative in nature and should have been asserted on behalf of the partnership.

Plaintiffs' amended complaint does not assert an action against the general partners for breach of their fiduciary duties as in *Phillips*. The general partners of the limited partnership, Ross, Read and Hawaii Loa Ridge Nominee, Inc., have never been made parties to this action. Instead, plaintiffs have filed an action against third parties whom plaintiffs allege caused the general partners to breach their fiduciary duties.

While asserting claims that are derivative in nature, plaintiffs have failed to follow the procedural rules necessary in a derivative action. In violation of HRCP Rule 23.1, plaintiffs have failed to exhaust their internal remedies before proceeding with this action. Plaintiffs have not made any demand on the general partners to maintain this action nor have they given any reasons for failing to make this effort.

By dismissing plaintiffs' amended complaint on the grounds that plaintiffs have failed to allege a derivative action on behalf of the

limited partnership, the trial court was not merely exalting form over substance. There are sound equitable reasons for the procedural distinctions between direct and derivative actions in suits involving limited partnerships.

The interests of individual partners are not necessarily identical to the interests of the limited partnership entity as a whole. If plaintiffs were allowed to proceed with an individual action, the interests of the limited partnership could be harmed and defendants could also be open to multiple litigation brought by parties not joined in the action.

Plaintiffs in this case seek monetary damages. In a derivative action, the monetary award would belong to the partnership, which in turn would remit payment to the limited partners, according to the present statutory distribution provision, HRS § 425-43 (1976), under which creditors generally have first priority.[1] If this were a direct action, any monetary award would accrue directly to the individual named plaintiffs.

The more stringent procedural requirements for maintaining a derivative action are also justified given the nature of the present statutory scheme, where general partners are vested with control over the affairs of the limited partnership. *See* HRS § 425-29 (1976

---

[1] HRS § 425-43 provides as follows:

*Distribution of assets.* In settling accounts after dissolution the liabilities of the partnership shall be entitled to payment in the following order:

(1) Those to creditors, in the order of priority as provided by law, except those to limited partners on account of their contributions, and to general partners;

(2) Those to limited partners in respect of their share of the profits and other compensation by way of income on their contributions;

(3) Those to limited partners in respect to the capital of their contributions;

(4) Those to general partners other than for capital and profits;

(5) Those to general partners in respect to profits;

(6) Those to general partners in respect to capital.

Subject to any statement in the certificate or to subsequent agreement, limited partners share in the partnership assets in respect to their claims for capital and in respect to their claims for profits or for compensation by way of income on their contributions respectively in proportion to the respective amounts of their claims.

and Supp. 1981).[2] Before a limited partner is allowed to maintain a derivative action and circumvent the general partners' authority, the limited partner must prove compelling reasons such as wrongful refusal, a conflict of interest or a breach of fiduciary duties.

When confronted with Amfac's motion to dismiss, plaintiffs made the tactical decision to file an action as individuals, rather than on behalf of the limited partnership. Plaintiffs apparently wanted to bypass the general partners and the limited partnership entity altogether.

The only plaintiff that had standing to bring a derivative action, assuming the procedural requirements had been complied with, was R. S. Ellsworth, Inc., the sole limited partner of Hawaii Loa Ridge Ventures. The remaining plaintiffs, the individual shareholders of R. S. Ellsworth, Inc., are at most merely assignees of R. S. Ellsworth Inc.'s interests in the limited partnership and as such are unable to bring this type of action against third parties. *See* HRS § 425-39 (1976).[3] *See also Kellis v. Ring,* 92 Cal.App.3d 854, 155 Cal. Rptr. 297 (Cal. Ct. App. 1979).

Having chosen to file their suit in this form, rather than in a derivative action, plaintiffs cannot now be heard to complain on appeal about the trial court's dismissal of their action as being improperly pleaded.

## II.

Plaintiffs on appeal ask that this court remand this case and allow them to amend their complaint if a derivative suit is required.

---

[2] HRS § 425-29 provides in relevant part that

*Rights, powers, and liabilities of a general partner.* A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners . . . .

[3] HRS § 425-39 provides in relevant part that

*Assignment of.* A substituted limited partner is a person admitted to all the rights of a limited partner who has died or has assigned his interest in a partnership.

An assignee, who does not become a substituted limited partner, has no right to require any information or account of the partnership transactions or to inspect the partnership books; he is only entitled to receive the share of the profits or other compensation by way of income, or the return of his contribution, to which his assignor would otherwise be entitled.

Plaintiffs had ample opportunity to request the motions court and the trial court for leave to amend their complaint to assert a derivative action. Instead, plaintiffs insisted that the claims asserted in their complaint were personal and refused to bring a derivative action on behalf of the limited partnership.

If plaintiffs had requested leave to amend their complaint under HRCP Rule 15(a), it would have been within the trial court's sound discretion to deny leave to amend on such justifiable grounds as "undue delay, bad fatih or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Bishop Trust Co. v. Kamokila Development Corp.,* 57 Haw. 330, 555 P.2d 1193 (1976).

Instead of requesting leave to amend their complaint at trial, plaintiffs requested leave to plead a derivative action for the first time on appeal, nearly six years after their original complaint had been filed. The long delay and resulting undue prejudice to the defendants provide ample reasons for denying plaintiffs' leave at this late date to amend their complaint. Under these circumstances, we find no reason for a remand.

We find no merit to the other contentions raised on appeal and cross-appeal.

Affirmed.

*J. W. Ellsworth (William W. Saunders* with him on the briefs) for plaintiffs-appellants, cross-appellees.

*Richard R. Clifton (James S. Campbell, Edwin L. Doernberger* and *Thomas E. Crowley* on the briefs, *Cades Schutte Fleming & Wright* of counsel) for defendant-appellee, cross-appellant Amfac Financial Corp.

*Andrew S. Hartnett* (David L. Turk of counsel) for defendant-appellee, cross-appellant Thomas Lawrence Jett.