[No. G013100. Fourth Dist., Div. Three. Feb. 24, 1994.]

MANFRED A. WALLNER, Plaintiff and Appellant, v.
PARRY PROFESSIONAL BUILDING, LTD., et al., Defendants and
Respondents.

**COUNSEL**

Manfred A. Wallner, in pro. per., for Plaintiff and Appellant.

Monteleone & McCrory and Robyn L. Miller for Defendants and Respondents.

## Opinion

SILLS. P. J.—The issue presented by this appeal is whether, under the California Uniform Limited Partnership Act (ULPA), a limited partner may file a derivative action against the general partners alleging the general partners engaged in self-dealing and breached their fiduciary duties of due care and loyalty to the limited partnership by leasing partnership property to themselves without making rental payments. The trial court concluded the action was barred by Corporations Code section 15526 and sustained defendants' demurrer to the complaint without leave to amend. We disagree, and reverse the judgment.

I

This case comes to us after defendants' demurrer to the complaint was sustained without leave to amend. Thus, we accept as true those facts alleged in the complaint and of which we may take judicial notice. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The facts are as follows.

Plaintiff Manfred A. Wallner is a limited partner in Parry Professional Building, Ltd., a limited partnership formed in 1980 to acquire, operate, and lease a six-story medical office building in Anaheim. Defendants Victor Austin and Nancy Parry are doctors and general partners. There are 20 limited partners and 8 general partners in the partnership.

Upon acquiring the building, the partnership leased various suites in the building to Austin, Parry, and Brightwood Investments, a separate general partnership of which Nancy Parry, among others, is a general partner. The leases provide that the lessees will pay rent for the offices and late charges on any unpaid rent. Austin, Parry, and Brightwood Investments are currently more than $400,000 (in the aggregate) in arrears in their rent payments, and have failed to pay late charges when rent payments were made late. As a result of defendants' failure to pay rent, dividends normally received on a monthly basis by the limited partners have not been paid for some time.[1]

Wallner demanded, in writing, that the general partners take appropriate action to secure payment of the rents and late charges owing, but they did not respond. Wallner then filed the instant action, in his own name, against the partnership as well as Victor Austin, Nancy Parry, Brightwood Investments, and the general partners of Brightwood for "rent, interest, punitive

---

[1]Wallner acquired his limited partnership interest in December 1981, after the initial leases were signed. It is unknown if this was before or after the alleged self-dealing.

damages and attorney fees."[2] However, Wallner indicated under the caption of the complaint, in brackets, "Limited Partner derivative suit for: Breach of Contract, Breach of Duty of Due Care, Breach of Fiduciary Duty." He also alleged in the complaint that if he is successful in the action, "a substantial benefit will result to defendant limited partnership on whose behalf this action is prosecuted."

Defendants demurred to the complaint. They asserted the only entity which had the right to sue is the limited partnership, and that as a limited partner Wallner cannot, under Corporations Code section 15526, bring a derivative action on behalf of the limited partnership. The demurrer was sustained without leave to amend, and Wallner appeals.

## II

Preliminarily, we address the issue of whether Wallner is a proper party plaintiff. Defendants assert the claim for rent belongs to the partnership, and that the partnership is the only entity which has the right to sue on this claim under the substantive law.

Code of Civil Procedure section 367 provides that every action must be prosecuted in the name of the real party in interest. (*Torres* v. *City of Yorba Linda* (1993) 13 Cal.App.4th 1035, 1040-1041 [17 Cal.Rptr.2d 400].) When a partnership has a claim, the real party in interest is the partnership and not an individual member of the partnership. (Code Civ. Proc., § 369.5, subd. (a).) Here, however, the caption and text of the complaint allege this is a *derivative* action brought for the benefit of the limited partnership. Although the complaint is not well drafted, for the purpose of determining the real party in interest, we treat the action as a limited partner's derivative suit.

The purpose of a limited partner's derivative action is to enforce a claim which the limited partnership possesses against others (in this case, the general partners) but which the partnership refuses to enforce. (*Riviera Congress Associates* v. *Yassky* (1966) 18 N.Y.2d 540 [277 N.Y.S.2d 386, 391-392, 223 N.E.2d 876, 879-880]; Annot. (1983) 26 A.L.R.4th 264, 266.) Like a shareholder's derivative action, a limited partner's derivative suit is filed in the name of a limited partner, and the partnership is named as a defendant. Although a limited partner is named as the plaintiff, it is the limited partnership which derives the benefits of the action. (Cf. *Jones* v. *H.*

---

[2]Wallner asserts an amendment to the complaint was filed substituting the other six general partners as Doe defendants. The clerk's transcript does not include the Doe amendments, but we accept his statement as true since our resolution of the legal issue presented does not turn on the inclusion or exclusion of the other general partners.

*F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 107 [81 Cal.Rptr. 592, 460 P.2d 464].)

Wallner, who is a limited partner, is thus a proper party plaintiff for a limited partner's derivative action.

### III

■ The issue here, however, is whether a limited partner's derivative action is allowed under ULPA. The answer turns on an interpretation of Corporations Code section 15526. This section, which is identical to section 26 of the Model Uniform Limited Partnership Act, provides: "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."[3]

Defendants view Corporations Code section 15526 as an absolute bar to a limited partner's derivative action. Although no California case directly so holds, defendants rely on general language in *Kobernick* v. *Shaw* (1977) 70 Cal.App.3d 914, 918 [139 Cal.Rptr. 188] which, without any analysis, simply states: "The general rules as expressed in [section 15526] prohibit a limited partner from bringing a lawsuit on behalf of the limited partnership. [Citation.]"[4]

*Kobernick* is, however, subtly deceptive; it only quotes the *general* rule, and its only authority in support is a single sentence from a footnote in *Evans* v. *Galardi* (1976) 16 Cal.3d 300 [128 Cal.Rptr. 25, 546 P.2d 313] which reads: "While a general partner may be joined as a party to proceedings by or against the firm, the limited partner may not. [Citations.]" (*Evans* v. *Galardi*, *supra*, 16 Cal.3d at p. 311, fn. 16.) Moreover, the one case cited by the Supreme Court in that footnote in support of the rule (a "see also"), *Riviera Congress Associates* v. *Yassky*, *supra*, 277 N.Y.S.2d 386 [223 N.E.2d

---

[3]The parties agree this case is governed by ULPA. Although the California Revised Limited Partnership Act (CRLPA) became effective January 1, 1984, by its terms CRLPA only applies to limited partnerships formed after its effective date or which elect to be bound by the new law. (Corp. Code, §§ 15711, 15712.) The Parry limited partnership was formed in 1980 and has not elected to be bound by CRLPA.

[4]Defendants also argue that because CRLPA specifically allows for a derivative suit by the limited partners (Corp. Code, § 15702, subd. (b)) this is proof that ULPA, specifically Corporations Code section 15526, did not encompass this right. There is, however, no evidence in the record or legislative history of which we are aware that supports this claim. Moreover, and as explained in the text below, the courts have concluded that a limited partner's derivative action arises from both equitable as well as statutory grounds. The addition of a code section which specifically allows that which was otherwise permitted in equity does not thereby amend the former law to eliminate an otherwise proper equitable cause of action.

876], held that a limited partner *could* file a derivative suit on behalf of the partnership against the general partner, a tenant of the partnership's building, for the payment of rent. The reason, as the New York court pointed out, is that the ". . . general partners will not sue because they are the very persons who would be liable for payment of the rent . . . ." (*Id.* at p. 880.)[5] This is the precise situation which caused Wallner to file a limited partner's derivative action against the general partners here. Thus, to the extent *Kobernick* and *Evans* are instructive, they actually support Wallner's right to file a limited partner's derivative action.

Defendants then assert that a limited partner's derivative action is not permitted in California because the courts have allowed a limited partner to appear in a partnership action in only two specific situations: In *Kobernick*, a limited partner was allowed to *cross-complain* to rescind the partnership agreement and cancel the promissory note which was the basis of the complaint against the limited partnership. And in *Linder* v. *Vogue Investments, Inc.* (1966) 239 Cal.App.2d 338 [48 Cal.Rptr. 633], a limited partner was allowed to *intervene* in an action to defend an unmeritorious lawsuit against the limited partnership which the general partner, who was in collusion with the plaintiff, refused to defend. From these authorities, defendants draw the conclusion that a limited partner has no derivative rights, and may only intervene or cross-complain in an action after litigation has been filed against the limited partnership and only if there was fraud or collusion on the part of the general partner.[6] Characterizing Wallner's complaint as merely an action for the recovery of rent, and asserting there are no allegations of fraud or collusion, defendants argue the complaint was properly dismissed.

---

[5] Wallner places great reliance on *Lichtyger* v. *Franchard Corporation* (1966) 18 N.Y.2d 528 [277 N.Y.S.2d 377, 223 N.E.2d 869], which was decided the same day as *Riviera Congress*. However, *Lichtyger* is unhelpful because the issue in that case was whether the limited partners could bring a *class action* against the general partners.

[6] The only other California case arguably on point is *Bedolla* v. *Logan & Frazer* (1975) 52 Cal.App.3d 118, 128 [125 Cal.Rptr. 59]. Although *Bedolla* has been read to suggest that a limited partner may not bring a derivative action on behalf of the limited partnership (Annot., *supra*, 26 A.L.R.4th 264, 274), that case did not consider the issue on appeal here. Moreover, *Bedolla* was based on the presumption that in California a partnership is not, like a corporation, a separate legal entity distinct from its members. (52 Cal.App.3d at p. 127; but see *Linder* v. *Vogue Investments, Inc., supra*, 239 Cal.App.2d at p. 341 [analogy of limited partnership to corporations, under certain conditions, "quite persuasive"]; *Epstein* v. *Frank* (1981) 125 Cal.App.3d 111, 119 [177 Cal.Rptr. 831] [in area of procedures limited partnership treated substantially same as corporation].) Indeed, in *Wyler* v. *Feuer* (1978) 85 Cal.App.3d 392, 402, [149 Cal.Rptr. 626] the court stated: "These characteristics—limited investor liability, delegation of authority to management, and fiduciary duty owed by management to investors—are similar to those existing in corporate investment, where it has long been the rule that directors are not liable to stockholders for mistakes made in the exercise of honest business judgment [citations], or for losses incurred in the good faith performance of their duties when they have used such care as an ordinarily prudent person would use. [Citation.]"

However, *Kobernick* and *Linder* do not bar the limited partner's derivative action. To the contrary, at least two out-of-state cases have analyzed those cases and this issue under California law, and have concluded that a limited partner has the right to bring a derivative action. In *Smith* v. *Bader* (S.D.N.Y. 1978) 458 F.Supp. 1184, the New York federal district court was called upon to interpret Corporations Code section 15526 relative to a claim by a limited partner that the general partner was engaged in self-dealing, conversion of partnership assets and breach of fiduciary duty. After analyzing *Evans*, *Kobernick* and *Linder*, the district court concluded that section 15526 permitted a limited partner's derivative action. The district court noted that the purpose of a derivative action was to permit limited partners to enforce their rights against the limited partnership, which is one of the express bases on which a limited partner may sue the partnership under section 15526. Moreover, the district court found nothing in that section which prohibited a derivative action, and concluded that allowing a derivative action would not defeat the section's purpose, which is to prevent a limited partner from interfering with the day-to-day operations of the partnership. Similarly, in *Wroblewski* v. *Brucher* (W.D.Okla. 1982) 550 F.Supp. 742, the court noted it was settled law that a limited partner derivative action was proper under California law either under section 15526 or Corporations Code section 15529. (550 F.Supp. at p. 748, fn. 8.)[7] These decisions, interpreting provisions of the uniform act, are persuasive authority. (*Bartlome* v. *State Farm Fire & Casualty Co.* (1989) 208 Cal.App.3d 1235, 1242 [256 Cal.Rptr. 719].)

Both *Smith* and *Wroblewski* correctly state California law. These cases recognized, as did the New York court in *Klebanow* v. *New York Produce Exchange* (2d Cir. 1965) 344 F.2d 294, that the purposes of section 26 of the Model Uniform Limited Partnership Act (the same as Corporations Code section 15526) are reasonably plain, but this section does "not have to be

---

[7]The general weight of out-of-state authority supports the view that a limited partner has the right to file a derivative action under provisions identical to Corporations Code section 15526. (See, e.g., *Goldome Sav. Bank* v. *Wulsin* (Fla. 1988) 530 So.2d 291, overruling *Amsler* v. *American Home Assur. Co.* (Fla.Dist.Ct.App. 1977) 348 So.2d 68 [applying Florida law]; *Klebanow* v. *New York Produce Exchange* (2d Cir. 1965) 344 F.2d 294 [applying New York law]; *Allright Missouri, Inc.* v. *Billeter* (8th Cir. 1987) 829 F.2d 631 [applying Missouri law]; *Strain* v. *Seven Hills Associates* (1980) 75 A.D.2d 360 [429 N.Y.S.2d 424] [applying Ohio law]; *R.S. Ellsworth, Inc.* v. *Amfac Financial Corp.* (1982) 65 Hawaii 345 [652 P.2d 1114] [applying Hawaii law]; *Engl* v. *Berg* (E.D.Pa. 1981) 511 F.Supp. 1146 [applying Pennsylvania law]; *Mayer* v. *Oil Field Systems Corp.* (2d Cir. 1983) 721 F.2d 59 [applying Pennsylvania law]; *McCully* v. *Radack* (1975) 27 Md.App.350 [340 A.2d 374] [applying Maryland law]; *Jaffe* v. *Harris* (1981) 109 Mich.App. 786 [312 N.W.2d 381, 26 A.L.R.4th 254] [applying Michigan law]; but see, e.g., *Kohls* v. *Maryland Cas. Co.* (1986) 144 Ill.App.3d 642 [98 Ill.Dec. 847, 494 N.E.2d 1174] [no derivative action under Illinois law]; *Browning* v. *Maurice B. Levien & Co., P.C.* (1980) 44 N.C.App. 701 [262 S.E.2d 355] [no derivative action under North Carolina law]; *Fox* v. *Sackman* (1979) 22 Wn.App. 707 [591 P.2d 855] [no derivative action under Washington law].)

read as saying that a limited partner cannot bring an action on behalf of the partnership when the general partners have disabled themselves or wrongfully refused; and, although they could be so read, we see no sufficient reason for doing so when in quite similar situations the *cestui que trust* or the preferred stockholder is allowed to do exactly that." (344 F.2d at p. 298.) Moreover, the basic purpose of section 15526 is served if a limited partner has a right to file a derivative action on behalf of the limited partnership. As the *Riviera Congress* court stated, ". . . we believe that the purpose of the statute [New York's equivalent to section 15526] is solely to restrain limited partners from interfering with the right of the general partners to carry on the business of the partnership. The basis for this lawsuit is that the general partners have declined to carry on the business of the partnership by wrongfully refusing to enforce a partnership claim for rent against a former tenant." (*Riviera Congress Associates* v. *Yassky, supra,* 277 N.Y.S.2d at p. 391 [273 N.E.2d at p. 879].) Since the purpose of Wallner's suit is to collect debts owing to the partnership which the general partners refuse to collect because of alleged self-dealing, this action does not, on its face, purport to interfere with the general partners' right to carry on the business.[8]

The difficulty in these cases is that a general partner may, in the exercise of good business judgment, elect not to require a lessee to make timely rental payments or pay late charges. A general partner may also choose to waive certain rental payments or renegotiate the lease if the general partner believes that such conduct is in the overall best interests of the limited partnership and the limited partners. In today's commercial market, landlords have had to make many financial concessions in order to find and keep lessees of commercial office space, including the offering of free rent for certain periods. These are all business decisions, and a limited partner may

---

[8]Defendants raise two policy arguments. First, they claim a limited partner's derivative action is unnecessary because limited partners have other means to redress their grievances: In this case, Wallner could file an individual action against the partnership for his share of lost income due to the general partners' actions. Whether there are other avenues of redress is irrelevant to the issue on appeal; and in any event, such an approach would raise the same issues Wallner attempts to raise here. The only difference is that the general partners' *personal* exposure would be less in an individual action. Second, defendants assert there are no "safeguards" built into section 15526, such as a requirement for the posting of a bond, to protect the partnership from the costs of unwarranted litigation. (See Corp. Code, § 15702, subd. (b) under CRLPA [posting of $50,000 bond].) The absence of statutory safeguards is also irrelevant to the issue on appeal. Either there is a right to file a derivative action or there is not. Finally, we would note that generally defendants who deny a limited partner's right to file a derivative action do so on the ground that the limited partner's remedy is to dissolve the partnership. That is not a reasonable alternative because there are often severe tax consequences in doing that, and the limited partner may not want to terminate what is an otherwise profitable arrangement. (See *Allright Missouri, Inc.* v. *Billeter, supra,* 829 F.2d at p. 636; Note, *Procedures and Remedies in Limited Partners' Suits for Breach of the General Partner's Fiduciary Duty* (1977) 90 Harv. L.Rev. 763, 765, 774-775.)

not challenge those decisions in a derivative action. A derivative action which merely seeks to challenge a general partner's decision to waive certain rental payments or late charges could constitute interference with the operation of the limited partnership and probably would not state a cause of action against the general partners. On the other hand, certain conduct on the part of a general partner, even though it relates to a business decision, must be subject to challenge in a derivative action.

California courts have long recognized that equitable principles apply to ULPA. (Corp. Code, § 15529.) Indeed, ULPA did not purport to state the rights of the limited partners under all circumstances, and that in any case not provided for by law, equity would govern. (*Linder* v. *Vogue Investments, Inc.*, *supra*, 239 Cal.App.2d at p. 341.) To quote *Linder*, if the law were "that a limited partner who may have a substantial investment in the partnership, must sit idly by and watch it disappear because the general partner refuses to" carry on the business of the partnership because it would adversely affect the finances of the general partner, ". . . something would have to be done about it." (*Ibid.*) Allowing a limited partner's derivative action where the general partner refuses to carry on the partnership, as alleged here, is thus appropriate under Corporations Code section 15526.

Here, Wallner has alleged enough to bring this action, at least for pleading purposes, past the first step. The demurrer should have been overruled and Wallner should have been given the opportunity to proceed forward on his claims against the general partners. The judgment is reversed.

Wallin, J., and Crosby, J., concurred.