[No. 36435. Department Two. September 19, 1963.]

MENDEL H. LIEBERMAN et al., Appellants, v. ATLANTIC MUTUAL INSURANCE Co. et al., Respondents.*

*Reported in 385 P. (2d) 53.

*Levinson & Friedman,* for appellants.

*Bogle, Bogle & Gates,* for respondents.

FINLEY, J.—On May 1, 1959, W. R. Nelson, the documented owner of the *Jamene,* wilfully and deliberately ignited gasoline vapor in the *Jamene* while it was docked in Seattle, thereby causing an explosion and ensuing fire which virtually destroyed the vessel. Subsequently, Mendel Lieberman and Meyer Winkleman (plaintiffs-appellants), in their individual capacities, brought this suit against nine insurance companies (defendants-respondents) to recover for the loss of the *Jamene* under the terms of policies issued by those companies.

The trial court, sitting without a jury, rendered an oral opinion favorable to the plaintiffs to the extent of $80,000. Subsequently, however, upon a motion for reconsideration, the trial judge reversed his initial evaluation of this lawsuit, and found in favor of the defendant insurance companies, entering a judgment accordingly.

The appellants, in their briefs and argument, have made frequent references to the trial judge's original oral opinion in an attempt to impeach the formalized findings which were subsequently entered. However, in *Rutter v. Rutter* (1962), 59 Wn. (2d) 781, 784, 370 P. (2d) 862, we stated:

" . . . Neither can such statements [those contained in the trial judge's oral decision], when at variance with the findings, be used to impeach the findings or judgment, although, when consistent therewith, the findings and judgment may be read in their light. *Clifford v. State,* 20 Wn. (2d) 527, 148 P. (2d) 302; *Mertens v. Mertens,* 38 Wn. (2d) 55, 227 P. (2d) 724; *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272; *Tacoma v. Humble Oil & Refining Co.,* 57 Wn. (2d) 257, 356 P. (2d) 586."

Thus, remarks contained in an oral opinion of the trial judge will not be considered by this court insofar as they conflict with the final formal findings and judgment as made and entered by the trial judge.

The trial court's findings to which no error has been assigned indicate that:

(1) In January 1959, O. H. Freeman agreed to sell the *Jamene*, a diesel vessel, to W. R. Nelson, and to take a preferred ship mortgage for the balance of the purchase price. The transaction was completed about March 30, 1959, when Freeman transferred title of the *Jamene* to Nelson.

(2) On February 10, 1959, the defendants agreed to insure Nelson's and Freeman's interest in the *Jamene* for a total of $125,000, and the binder issued at that time indicated that the companies would insure separately in the following proportions:

| | |
|---|---|
| Atlantic Mutual Insurance Co. | 10% |
| Boston Insurance Co. | 8% |
| British & Foreign Insurance Co. | 8% |
| Caledonian Insurance Co. | 16% |
| Connecticut Fire Insurance Co. | 16% |
| Fireman's Insurance Co. | 20% |
| Insurance Company of North America | 8% |
| Jefferson Insurance Co. | 4% |
| New Hampshire Fire Insurance Co. | 10% |

(3) A limited partnership, having the name of Pacific International Fisheries, was formed on February 13, 1959, pursuant to the laws of Washington, with W. R. Nelson as the general partner and M. Lieberman, M. Winkleman and Isidore Winkleman as the limited partners. Nelson contributed the use of the *Jamene*, in addition to other assets to the partnership, while the limited partners contributed $40,000 in capital.

The appellants have assigned error to factual evaluations made by the trial court which indicate that: (a) the plaintiffs failed to prove the *full* terms of the insurance policies, (b) the insurance policies issued by the defendant companies insured O. H. Freeman and the limited partnership — Pacific International Fisheries — not Nelson, Lieberman and Winkleman, individually, (c) the limited partnership continued in existence to and including the day the loss of the *Jamene* occurred, (d) the plaintiffs

failed to prove the extent, if any, of their separate insurable interests in the *Jamene,* and (e) there was a failure of proof with regard to proving that Nelson was the master of the *Jamene.*

On the basis of the facts previously narrated, the trial judge concluded that (1) the defendants did not insure the plaintiffs, or either of them, under the policies which are sued upon, and (2) the vessel *Jamene* was not destroyed by any peril insured by the defendants.

While reviewing the factual evaluations of the trial court to which error has been assigned, we adhere to the procedural policy statements made in numerous decisions citing *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183, to the effect that the findings of the trial court will not be disturbed and will be treated as verities if they are supported by substantial evidence.

The multiplicity of assigned errors in the instant case, coupled with the complexity of the transactions involving W. R. Nelson, have placed us in a position remindful of the dilemma ascribed to the White Rabbit in "Alice in Wonderland," (Lewis Carroll, ch. 12):

" ' . . . Where shall I begin, please your Majesty?' he asked.

" ' Begin at the beginning,' the King said, very gravely, 'and go on till you *come to the end; then stop.*' " (Italics ours.)

The posture of the instant case is such that the appellants must prevail upon virtually all of their contentions to be able to triumph in the final analysis; consequently, the failure to sustain their burden as to any of their major contentions will effect an unfavorable end to their case on appeal.

One of appellants major contentions is that the trial court erred in finding that the insurance policies insured the limited partnership (Pacific International Fisheries) and not the individuals (Nelson, Lieberman and Winkleman). The original binder of insurance, issued on February 10, 1959, named W. R. Nelson and O. N. Freeman as the assured. Subsequently, after the limited partnership

was formed on February 13, 1959, the names of the assured were changed to read:

"W. R. Nelson, Mendel Lieberman, Meyer Winkleman d/b/a Pacific International Fisheries and O. N. Freeman."

■■ The abbreviation "d/b/a" has a long established and recognized meaning; namely, "doing business as." *State v. Dowling*, 202 S. W. (2d) 580 (1947, St. Louis Ct. of Apps.); Webster's Third New International Dictionary. Pacific International Fisheries, the limited partnership which was to have the use of the *Jamene* for approximately 3 years, was billed for the premium called for by the insurance policies. These factors, coupled with the time sequence involved in the changing of the named assured, tend to support the conclusion of the trial court that the policies were intended to insure the partnership and O. H. Freeman.

In *Illian v. Northwestern Nat. Ins. Co.* (1958), 215 Md. 507, 138 A. (2d) 884, the court found that an insurance policy naming the assured as:

" 'Ann Grove: Arvella Farley: and Helen Houser, t/a Shelda's Gown Shop and legal representatives,' "

insured the partnership and not the named women, individually; therefore, only the partnership could maintain an action upon the insurance policy. We believe that the interpretation by the Maryland court of the previously quoted clause, which is very similar to the clause involved in the instant case, buttresses the conclusion of the trial court that only the partnership was insured.

We therefore defer to the trial court's conclusion that the insurance policies insured the limited partnership, and, consequently, the policies must be considered as assets of the partnership. The defendants-respondents, both in a motion to dismiss the amended complaint and in their answer to the amended complaint, asserted that Pacific International Fisheries, the assured, was entitled to sue only by and in the name of its general partner, W. R. Nelson. This objection to the standing of Lieberman and Winkleman to prosecute the instant case in their individual capacities has been preserved by the respondents and has been argued as a basis for sustaining the trial court.

In *Seltzer v. Chadwick* (1946), 26 Wn. (2d) 297, 301, 173 P. (2d) 991, with respect to a general partnership, we stated:

"In order to maintain an action upon a partnership asset, the partners must be joined as parties to the action."

This requirement for the joinder of all partners does not apply to limited partnerships, organized pursuant to RCW 25.08, because *only* the general partner is authorized to institute suits on behalf of the limited partnership. RCW 25.08.260[1] specifically states that a limited partner is not a proper party to a suit by or against a limited partnership. And a limited partner, not being a proper party to a suit brought by the partnership, rather obviously cannot institute a suit on behalf of the limited partnership.

In affirming the trial court on the basis that Lieberman and Winkleman lacked capacity to institute the instant action, we do not mean to indicate approval or disapproval of the other contentions made in this case. On the basis indicated hereinbefore, the judgment of the trial court should be affirmed. It is so ordered.

OTT, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.

---

December 13, 1963. Petition for rehearing denied.

---

[1]"Parties to actions. A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership."