348 So.2d 68 (1977)
Fred R. AMSLER and Russell N. Worobec, Appellants,
v.
AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, Gulf Insurance Company, a Missouri Corporation, P. Thomas Boroughs and Mairs, Wood, Muller & Boroughs, P.A., Appellees.
Nos. 76-1256, 76-1730.
District Court of Appeal of Florida, Fourth District.
July 22, 1977.
Rehearing Denied August 12, 1977.
*70 Eli H. Subin of Subin, Shams, Rosenbluth & Moran, Orlando, for appellants.
W.L. Kirk, Jr., of Pitts, Eubanks, Ross & Rumberger, P.A., Orlando, for appellee, Gulf Insurance Co.
Goble D. Dean of Dean, Ringers, Morgan & Lawton, Orlando, for appellee, American Home Assurance Co.
Fred M. Peed of Peed & King, P.A., Orlando, for appellees P. Thomas Boroughs and Miars, Wood, Muller and Boroughs, P.A.
KOVACHEVICH, ELIZABETH A., Associate Judge.
This is the consolidation of two appeals from orders granting the separate motions of two co-defendants to dismiss amended complaints, with leave to amend, and if no amended pleading, dismissal with prejudice. Appellants-plaintiffs contend that the second amended complaint does state causes of action, and that the orders dismissing same should be reversed. We agree, in part, as to the second and third causes of action, and reverse; however, as to the first cause of action, we affirm the lower court.
The first cause of action alleged that defendant Boroughs, as attorney for a Florida limited partnership, Briarcliff Apartments, Ltd., drafted a limited partnership agreement which provided in part that secondary financing could not be placed on partnership property without the prior consent of 51% of the total limited partnership interest. Professional negligence, contrary to the general practice among attorneys in his community, is then alleged against attorney Boroughs for failure to obtain the written consent of the plaintiffs, Amsler and Worobec, whom he knew were limited partners and whom he knew owned and held a 65% interest, prior to recording secondary financing on the partnership property. If plaintiffs had known of the proposed financing, they would not have approved it. The failure of the Briarcliff project is then attributed to the aforementioned alleged negligence of Boroughs, and his appellee-defendant law firm and their insurors are then charged with responsibility for the alleged negligence of Boroughs. Plaintiffs allege that they are the intended beneficiaries of those insurance policies. Although the second amended complaint states that the general partners were William Biggs and David Fyffe, they were not joined as parties to the action; rather, the plaintiff limited partners sued solely on their own behalf.
The sufficiency of this cause was challenged on three major grounds: 1) The allegations were insufficient to sustain the legal conclusion that attorney Boroughs had a duty to obtain the limited partner plaintiffs' written consent to the creation of secondary financing on partnership property; 2) the action was brought by improper party plaintiffs in violation of Section 620.26, Florida Statutes, since plaintiffs were *71 limited partners suing the alleged partnership attorney; and 3) assuming arguendo that Section 620.26 did not prohibit plaintiffs from suing defendant Boroughs, the pleading was deficient in that it failed to join the general partners, Biggs and Fyffe, who were indispensible parties to the action.
The lower court was correct in dismissing this cause, as it was chosen to be plead by plaintiffs. The allegations of the first cause of action were insufficient to sustain a legal conclusion that defendant attorney Boroughs had a duty to obtain plaintiffs' written consent. Plaintiffs do not allege that Boroughs served as the attorney for the limited partnership for the creation of the secondary financing documents; they merely allege that Boroughs knew of the transaction and delivered the documents for recording. There are no allegations of ultimate facts upon which it can be concluded that the plaintiffs relied upon Boroughs to notify them regarding the secondary financing or to have required proof that plaintiffs' written consent had been given, and, that Boroughs knew of this reliance. It was essential that the element of duty be properly alleged.
Further, Section 620.26, Florida Statutes, which is Section 26 of the Uniform Limited Partnership Act, states: "A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership." Until now, no appellate court in Florida has considered this Section of the ULPA. However, the Supreme Court of the State of Washington expressly held in Lieberman v. Atlantic Mutual Insurance Company, 62 Wash.2d 922, 385 P.2d 53 (1963) that limited partner plaintiffs lack standing to institute suit in light of ULPA Section 26 which prohibited limited partners from instituting an action against an insurance company on a fire insurance policy insuring partnership property. Florida adopts the common law aggregate theory of partnership as opposed to the entity theory. See Epstein & Bro. v. First National Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926); Fidelity & Casualty Company of New York v. Homan, 116 So.2d 444 (2d D.C.A. 1959). Any duty which Boroughs might have owed to plaintiffs would be owed to the entire membership of the limited partnership, and only the general partners would have had the right to institute such action.
Thus, the lower court was correct in granting the motion to dismiss the first cause of action of the second amended complaint, and we affirm the same.
However, the lower court was not correct in dismissing the second and third causes of action. These causes were brought only by the plaintiff Amsler and were based upon factual allegations totally separate and apart from those alleged in the first cause of action, and properly alleged and stated causes of action.
The second cause of action alleged that Amsler gave Boroughs as trustee, and attorney, a $15,000.00 check which he accepted and was made payable to him as trustee, in connection with the purchase of certain real estate; that Boroughs did not perform his duties as trustee; that he relinquished those duties without notifying Amsler, and that he refused to account for the check which he denied receiving. This cause properly alleged that a fiduciary relationship existed between Amsler and Boroughs. A fiduciary, be he an attorney or not, must account for and deliver over property or money of a beneficiary or client which has been entrusted for a specific purpose. See Wilkerson v. Olcott, 212 So.2d 119 (4 D.C.A.Fla. 1968). Further, equity imposes a constructive trust where a trustee or other fiduciary has abused the confidence placed in him, and fails to account for entrusted funds. See Wilkins v. Wilkins, 144 Fla. 590, 198 So. 335 (1940). A cause of action is stated herein for accounting and declaration of a constructive trust against Boroughs and the members of his law firm.
The third cause of action is against all of the defendants, and alleged that Boroughs was negligent in the performance *72 of his duties as a trustee, which he accepted, had a duty to use care, and breached that duty; further, that he failed to meet the standard of professional conduct prevailing in the community; and that damages directly resulted to plaintiff from the alleged negligence by Boroughs. Plaintiff alleged that he was the intended beneficiary of professional liability insurance contracts issued by the defendant insurance companies to cover the defendant law firm. A third party beneficiary may sue a liability insuror jointly in a direct action against its insured. See Shingleton v. Bussey, 223 So.2d 713 (Fla.Sup.Ct. 1969). Negligence is plead.
Accordingly, we affirm the lower court in its dismissal with prejudice of the first cause of action in the second amended complaint, but reverse the lower court regarding the second and third causes of action in the second amended complaint, specifically finding that each of said counts states a cause of action, and remand the same for further proceedings herein in the lower court.
AFFIRMED in part; REVERSED in part, and REMANDED, with directions.
MAGER, C.J., and CROSS, J., concur.