507 So.2d 1149 (1987)
Howard E. WULSIN, Appellant,
v.
PALMETTO FEDERAL SAVINGS & LOAN ASSOCIATION and 600 Investment Corporation, F.R.G. (Florida), Inc., and Beacon Reef Limited Partnership, Appellees.
No. 86-333.
District Court of Appeal of Florida, Third District.
May 12, 1987.
Rehearing Denied June 16, 1987.
Steel, Hector & Davis and Vance E. Salter, Miami, Isham, Lincoln & Beale and Donald V. Jernberg and Andrea Ravin and Stephen L. Tyma, Chicago, Ill., for appellant.
Harllee, Porges, Hamlin & Brownell and Kimberly Alario Bald, Bradenton, Britton, Schantz & Schatzman and Jack Britton, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
F.R.G. (Florida), Inc. [F.R.G.], a real estate syndication, executed a note and mortgage to Palmetto Federal Savings & Loan Association [Palmetto Federal] on thirty-seven condominium units in Monroe County, Florida. Three months later, the three principals of F.R.G., Peter Peggs, Peter Hutchings, and Roy Guilbault, became general partners in Beacon Reef Limited Partnership [Beacon Reef]; Howard E. Wulsin [Wulsin] became its sole limited partner. Upon default of the mortgage, Palmetto Federal instituted foreclosure proceedings against F.R.G. and Beacon Reef, F.R.G.'s successor in interest in the real property, joining junior mortgagee Wulsin. F.R.G. and Beacon Reef asserted the defense of usury, but subsequently waived their affirmative defenses and filed a notice voluntarily dismissing their counterclaim.[1] Wulsin sought permission to intervene on behalf of the partnership so that he might assert the usury defense and counterclaim; the trial court denied his motion. Palmetto Federal then moved for summary judgment of foreclosure, which the trial court granted. Wulsin appeals. Finding error in the entry of summary judgment, we reverse.
Wulsin seeks to overturn the trial court's ruling that Wulsin, a limited partner of Beacon Reef and a mortgagee of record, was barred from asserting the defense of usury against Palmetto Federal. He disagrees with the trial court's ruling that usury is a defense personal to F.R.G., the maker of the note and mortgage. To evaluate Wulsin's contention, we must decide first, whether Beacon Reef is the real and *1150 substantial borrower of the loan made by F.R.G. and therefore entitled to assert the usury defense; and second, if the defense is available, whether it may be asserted by a limited partner.
Summary judgment may be sustained only in the absence of genuine issues of material fact. Landers v. Milton, 370 So.2d 368 (Fla. 1979). In the record before us, however, genuine issues appear. The record indicates substantial conflict concerning Beacon Reef's relationship to F.R.G., the borrower on the note and mortgage, and to Palmetto Federal, the lender. For example, appellees assert that Wulsin was made a defendant merely because he held an inferior mortgage, and that his presence was necessary only to clear title; they maintain that the defense of usury is a personal defense, available only to the original borrower, F.R.G., and that F.R.G.'s waiver of the usury defense removed all viable defenses to the foreclosure action. In contrast, Wulsin argues that Palmetto Federal knew that F.R.G. was not the real debtor; the bank's vice-president could not recall any financial statements relating to F.R.G.'s ability to repay a 4.4 million dollar loan and was aware that investors were expected to provide the funds necessary to repay the mortgage. In addition, Wulsin points to evidence that F.R.G. may have purchased the condominium units as an agent for Beacon Reef. Thus, the identity of the real debtor is in doubt. According to Beacham v. Carr, 122 Fla. 736, 166 So. 456, 459 (1936), a trial court sitting in equity must "look beyond the form of a transaction to its substance... . The real or substantial debtor, though by indirection of the parties he may not appear to be the formal debtor, would seem to be entitled to raise the question of usury." Applying that principle, we conclude that the existence of a genuine issue of material fact as to whether Beacon Reef is the real and substantial borrower mandates reversal.
We next consider whether section 620.26, Florida Statutes (1981),[2] a provision of the Florida Uniform Limited Partnership Act [Act], permits a limited partner to assert a defense on behalf of a limited partnership when the general partners have refused to do so.[3] Wulsin maintains the general partners' waiver of the partnership's usury claim should not operate to deprive him of the opportunity to protect the partnership's interests.
Following the landmark decision of Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir.1965), most jurisdictions have concluded that common law allows a limited partner to bring a derivative action. See, e.g., Engl v. Berg, 511 F. Supp. 1146 (E.D.Pa. 1981); Smith v. Bader, 458 F. Supp. 1184 (S.D.N.Y. 1978) (applying California law); Moore v. 1600 Downing St., Ltd., 668 P.2d 16 (Colo. App. 1983); Phillips v. KULA 200, Wick Realty, Inc., 2 Haw. App. 206, 629 P.2d 119 (1981); McCully v. Radack, 27 Md. App. 350, 340 A.2d 374 (1975); Jaffe v. Harris, 109 Mich. App. 786, 312 N.W.2d 381 (1981); Strain v. Seven Hills Assocs., 75 A.D.2d 360, 429 N.Y.S.2d 424 (1980) (applying Ohio law); Riviera Congress Assocs. v. Yassky, 18 N.Y.2d 540, 223 N.E.2d 876, 277 N.Y.Supp.2d 386 (1966). Nevertheless, appellees argue that section 620.26 prevents a limited partner from asserting a partnership's defense. That argument is refuted by the reasoning applied in Klebanow:
The purposes of § 115, [New York's version of § 620.26] ... were reasonably plain. General partners need not join limited partners in an action by the partnership; ordinarily limited partners may not sue since this will interfere with the management by the general partners; a suitor against the partnership need not *1151 join a limited partner; indeed, he may not do so if the partnership be solvent. The words say all this and say it well. But they do not have to be read as saying that a limited partner cannot bring an action on behalf of the partnership when the general partners have disabled themselves or wrongfully refused; and, although they could so be read, we see no sufficient reason for doing so when in quite similar situations the cestui que trust or the preferred stockholder is allowed to do exactly that.
Klebanow, 344 F.2d at 298 (citations omitted); see also Smith; Moore; Riviera Congress.
Although some courts construe the Act narrowly, e.g., Lieberman v. Atlantic Mut. Ins. Co., 62 Wash.2d 922, 385 P.2d 53 (1963), or analyze the Act in terms of the aggregate theory, maintaining that a limited partner may not bring a derivative action for a nonexistent entity, e.g., Amsler v. American Home Assurance Co., 348 So.2d 68, 71 (Fla. 4th DCA 1977) ("Florida adopts the common law aggregate theory of partnership as opposed to the entity theory... . Any duty which [the defendant] might have owed to plaintiffs would be owed to the entire membership of the limited partnership, and only the general partners would have had the right to institute such action.") (citations omitted), cert. denied, 358 So.2d 128 (Fla. 1978), we employ a broader construction for several reasons. First, section 620.26 can be interpreted as a restatement of liability rather than as an absolute bar to a lawsuit initiated by a limited partner. Ruzicka v. Rager, 305 N.Y. 191, 111 N.E.2d 878 (1953); Hecker, Limited Partners' Derivative Suits Under The Revised Uniform Limited Partnership Act, 33 Vanderbilt L. Rev. 343 (1980) [hereinafter Hecker]. Second, the Act treats partnerships as aggregates for some purposes and as entities for other purposes. See generally, Hecker, supra, at 347-53. Third, the limited partner is like a corporate shareholder or a trust beneficiary to whom a fiduciary duty is owed. We recognize the right of corporate shareholders to bring derivative suits; thus, we acknowledge circumstances when protection of partnership rights would justify similar remedies. See Ruzicka; Hecker, supra, at 348-49.
Finally, we find support for our decision in the Florida Revised Uniform Limited Partnership Act, §§ 620.101-.186, Fla. Stat. (Supp. 1986), which became effective January 1, 1987. Section 620.163 addresses the issue before us and allows a limited partner to bring a derivative action.[4] We are aware that:
[i]n determining legislative intent, the court may consider subsequent enactments of a statute as an aid to interpreting the original legislation. The amendment of a statute does not necessarily indicate that the legislature intended to change the law. Statutory changes may be designed to clarify what was "doubtful and to safeguard against misapprehension as to existing law."
Dade County v. AT & T Information Sys., 485 So.2d 1302, 1304-05, (Fla. 3d DCA) (citations and quotations omitted), review denied, 494 So.2d 1150 (Fla. 1986).
For these reasons, we hold that Wulsin is not barred from asserting the limited partnership usury claim if the partnership right to such claim is established. Wulsin's remaining issues lack merit.[5]
Reversed and remanded for further proceedings.
NOTES
[1] Wulsin contends that counsel for the general partners waived the partnership's usury claim pursuant to an agreement with Palmetto Federal. In exchange for abandoning the usury defense, F.R.G. was relieved of liability for any deficiency judgment subsequently rendered in the foreclosure proceeding; Peggs and Hutchings were relieved of any personal obligation to Palmetto Federal in connection with the note and mortgage.
[2] Section 620.26, Florida Statutes (1981) provides:

Parties to Actions.  A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.
[3] Wulsin characterizes this issue as a choice of law problem but maintains that Florida's policy does not prohibit derivative suits by limited partners. We need not reach the choice of law issue.
[4] Section 620.163, Florida Statutes (Supp. 1986) provides:

Right of limited partner to bring derivative action.  A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.
[5] Appellees claim that 12 U.S.C. § 1735f-j (1980) (Depository Institute Deregulation & Monetary Control Act, Pub.L. 96-221, § 501, 94 Stat. 161 (1980)), exempts Palmetto Federal from Florida's usury statutes. However, because appellees failed to file a cross-appeal, see Jessup v. Redondo, 394 So.2d 1031 (Fla. 3d DCA 1981), we need not reach this issue.