In re Francis T. RYAN, a/k/a Frank Ryan, Debtor.

Alex W. DREYFOOS, Jr. and Joseph I. O'Neill, Jr., Plaintiffs,

v.

Francis T. RYAN, Defendant.

Bankruptcy No. 88–00912–BKC–TCB.
Adv. No. 88–0275–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 15, 1988.

Alley, Maas, Rogers, Lindsay & Chauncey, Theodore A. Jewell, Palm Beach, Fla., for plaintiffs.

Michael J. Ryan, Riviera Beach, Fla., for defendant.

Douglass E. Wendel, Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff creditors seek exception from discharge under 11 U.S.C. § 523(a)(4) of a $75,000 judgment claim against the debtor. The debtor has answered and the matter was tried August 9.

The facts and the two issues they present are stipulated. (CP 7). Without entirely repeating them here, I adopt the stipulated facts and the statement of the issues. In what follows, I shall refer only to those details essential to a discussion of the issues.

Plaintiffs are limited partners in a Florida partnership, in which the debtor was one of the two general partners. Instead of salaries, the partnership agreement pro-

vided incentive compensation to each general partner equal to 15% of the partnership net profits.

In 1982 the other general partner, believing that the incentive had been earned, paid $75,000 to himself and to the debtor. In 1987, plaintiffs obtained a State court judgment that there had been no net profits, that the incentive payments therefore constituted a legal breach of the agreement and were repayable to the partnership.

Plaintiffs concede that:

"Under any definition of defalcation that requires a showing of fraud, malice, or other similar state of mind, Defendant would prevail."

### The Issues

Plaintiffs' contention is that the judgment was for a "defalcation while acting in a fiduciary capacity" and therefore excepted from discharge under § 523(a)(4).[1]

The debtor's position is that (1) there was no "defalcation" and (2) he was not "acting in a fiduciary capacity", as those terms are used in the statute.

### Discussion

We begin with the stricture that:

"Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly, Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915)." In re Hunter, 780 F.2d 1577, 1579 (11th Cir.1986).

The key terms of this subsection first appeared in 1841. The effect of these terms had long been crystallized when the present statute became effective in 1979. There is no hint in the legislative history of any intent to undo the judicial gloss.

That gloss is reflected for this Circuit in Carey Lumber Co. v. Bell, 615 F.2d 370 (5th Cir.1980) (contractor's failure to pay supplier from construction mortgage funds

---

1. The subsection excepts from discharge, any debt: "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

**556**

is defalcation while acting in a fiduciary capacity).

It is clear from *Carey* that:

"there is no requirement that a misappropriation must be shown to have been intentional in order to be covered by [the statutory predecessor of § 523(a)(4)]." At 376.

It is also clear from *Matter of Angelle*, 610 F.2d 1335, 1341 (5th Cir.1980), as acknowledged in *Carey*, that:

"a fiduciary relationship is created only by a technical trust which arises prior to and without reference to the act creating the debt." At 374.

A technical, express, or statutorily imposed trust is distinguished from the fiduciary relationships which arise out of equitable or constructive trusts or trusts implied by law arising out of contract. *In re Twitchell*, 72 B.R. 431, 434 (Bankr.D.Utah 1987).

In a virtually unbroken line of decisions, partners as well as agents, bailees, brokers, and factors have been held *not* to be fiduciaries under a technical trust for the purposes of this federal statute. 3 *Collier on Bankruptcy* (15th Ed.1988) ¶ 523.14[1][c].

■ Although the concept of a fiduciary is a question of federal law, state law is relevant in determining when a trust exists. *Angelle* at 1341.

■ Florida has adopted The Uniform Limited Partnership Act, *Fla.Stat.* § 620.101 et seq. Though it makes a partner accountable to the partnership, it does not create a technical or express trust and does not, therefore, make a partner a fiduciary for the purposes of § 523(a)(4). *In re Holman*, 42 B.R. 848 (Bankr.E.D.Mo.1984); *In re Elliott*, 66 B.R. 466 (Bankr.S.D.Fla. 1986).

Unless modified by the partnership agreement, the rights, powers, restrictions, and liabilities of general partners in a Florida limited partnership are identical to those of partners in unlimited partnerships. *Fla.Stat.* § 620.125. No technical trust is established by Florida law.[2]

■ The agreement reposed complete managerial discretion for the operation of the partnership in the two general partners. However, it imposed no technical trust and created no trust res.

Therefore, for the purposes of § 523(a)(4), this debtor's innocent but mistaken receipt of payment and his subsequent inability to repay that sum though it could be a "defalcation", did not arise while he was "acting in a fiduciary capacity". Plaintiffs' claim is not a claim for a defalcation by the debtor while he was acting in a fiduciary capacity.

*Conclusion*

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.

**2.** Plaintiffs cite *Wulsin v. Palmetto Fed. Sav. & Loan Assoc.*, 507 So.2d 1149, 1151 (Fla.Dist.Ct. App.1987) for its comment that "the limited partner is like a corporate shareholder or a trust beneficiary to whom a fiduciary duty is owed," in reaching the conclusion that a limited partner may bring a derivative action. As the decision notes, the Florida statute gives that right. *Fla.Stat.* § 620.163.

This comment is not a holding that the funds of a limited partnership are a technical trust.