530 So.2d 291 (1988)
GOLDOME SAVINGS BANK, Petitioner,
v.
Howard E. WULSIN, Respondent.
No. 70880.
Supreme Court of Florida.
September 1, 1988.
Kimberly Alario Bald of Harllee & Porges, P.A., Bradenton, and John L. Britton of Britton & Kantner, P.A., Fort Lauderdale, for petitioner.
Janie Locke Anderson and Vance E. Salter of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, for respondent.
SHAW, Justice.
We have for review Wulsin v. Palmetto Federal Savings & Loan Association, 507 So.2d 1149 (Fla. 3d DCA 1987), which conflicts with Amsler v. American Home Assurance Co., 348 So.2d 68 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 128 (Fla. 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court below.
F.R.G. (Florida), Inc., a real estate syndication, executed a note and mortgage to *292 Palmetto Federal Savings & Loan Association on thirty-seven condominium units. The three principals of F.R.G. then became general partners in Beacon Reef Limited Partnership; Wulsin became its only limited partner. On default, Palmetto began foreclosure proceedings against F.R.G. and Beacon Reef, F.R.G.'s successor in interest in the property. Because he held a third mortgage on the units, Wulsin was joined by Palmetto as a party defendant, apparently to clear title.
Wulsin, in his answer, asserted an affirmative defense and a counterclaim, both of which were based on an allegation of usury. F.R.G. and Beacon Reef filed their answer, incorporating Wulsin's defense and counterclaim; they subsequently withdrew the defense and dismissed the counterclaim.[*] Wulsin, fearing that the trial court would rule that usury is a defense available only to a party in privity under the instrument claimed to be usurious, moved to intervene in the capacity of limited partner. The motion was denied in October. In December, the court issued summary judgment of foreclosure, finding that: 1) Beacon Reef was not the maker of the note or mortgage; and 2) the defense was personal to F.R.G., as maker, and could not be asserted by Wulsin as mortgagee (under the third mortgage).
Wulsin appealed. The district court reversed and remanded, ruling that: 1) a genuine issue of material fact exists as to whether Beacon Reef is the real successor to F.R.G. and is thus entitled to assert the usury defense; and 2) if the defense is found to be available to the partnership, Wulsin can assert it on the partnership's behalf as limited partner in spite of section 620.26, Florida Statutes (1981), which provides that:
A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.
Palmetto has since been succeeded by Goldome, and Goldome's petition for review before this Court was granted on the basis of conflict with Amsler, in which the Fourth District Court of Appeal ruled that several limited partners could not assert a derivative claim in the partnership's name.
Goldome asserts the following on review: 1) the trial court's order dismissing Wulsin's motion to intervene was a final order, requiring direct appeal; no direct appeal was filed; the district court, therefore, lacked jurisdiction to decide the issue; and 2) under applicable Florida law, a limited partner has no right to assert a derivative claim on behalf of the partnership.
As to the first issue, this Court announced the test to determine the finality of court orders in S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). The test is
whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.
S.L.T., 304 So.2d at 99. In the instant case, judicial labor did not end with the dismissal of the motion to intervene; it clearly continued until summary judgment several months later.
However, as Goldome correctly points out, courts recognize an exception to this rule. An order, otherwise nonfinal, will be deemed final where it
adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court.
Id. In the instant case, after F.R.G. and Beacon Reef withdrew the defense, the main question faced by the trial court was whether Wulsin could assert it. He could *293 potentially have done so in at least two capacities (i.e., as third mortgagee, or as limited partner). The court's order denying intervention simply eliminated one possibility  Wulsin could not assert the defense as limited partner. Not until summary judgment, however, did the court rule with finality on the main issue  it concluded, in effect, that Wulsin could not assert the defense in any capacity. Thus, the matter disposed of in the order of dismissal was corollary to, and interrelated with, the claim that remained pending. The order was nonfinal and required no direct appeal.
As to the second issue, section 620.26, Florida Statutes (1981), does not bar a limited partner from asserting a defense on behalf of a limited partnership when the general partners refuse to do so. First, the section, which is identical to section 26, Uniform Limited Partnership Act (ULPA), has generally been read as saying three things: 1) general partners need not join limited partners in an action by the partnership; 2) limited partners ordinarily cannot sue (this would interfere in business management by general partners); and 3) claimants against the partnership generally may not join the limited partners. See Klebanow v. New York Produce Exchange, 344 F.2d 294, 298 (2d Cir.1965). The section was not intended to say  nor does it expressly state  that a limited partner cannot assert a partnership claim when the general partners have refused to do so.
Second, the section must be read broadly and in pari materia with section 620.28, Florida Statutes (1981), which provides:
(1) The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this part.
(2) This part shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it.
The rulings of the overwhelming majority of non-Florida courts that have construed section 26 of the ULPA are in harmony with that of the district court of appeal. See, e.g., Allright Missouri, Inc. v. Billeter, 829 F.2d 631 (8th Cir.1987); Klebanow.
We note that Florida's limited partnership act was amended in 1986, effective 1987, expressly to allow the assertion of such derivative claims by limited partners. Section 620.163 of the amended act reads:
A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.
§ 620.163, Fla. Stat. (1987).
Accordingly, we approve the decision of the district court. To the extent that it conflicts with this opinion, we disapprove the court's decision in Amsler.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Wulsin alleges these additional facts: F.R.G. and Beacon Reef withdrew the defense and dismissed the counterclaim pursuant to an agreement with Palmetto whereby F.R.G. was relieved of liability for any subsequent deficiency judgment and two of Beacon Reef's general partners were relieved of personal obligations under the note and mortgage. Wulsin had invested nearly two million dollars in the enterprise, secured entirely by a mortgage on the condominium units. Wulsin's mortgage is inferior to that of Palmetto. If Palmetto forecloses, Wulsin's investment will be wiped out.