SALTER, J.
 

 PS Capital, LLC, appeals a post-judgment order granting a motion to intervene and a motion to stay execution of PS Capi
 
 *644
 
 tal’s $2.7 million judgment on a promissory note. One appellee, Palm Springs Town Homes, LLC, was the original obligor on the note (defendant below) and is now the judgment debtor. The other appellees, the intervenors, hold minority equity interests in Palm Springs Town Homes.
 

 We find no legal or equitable basis for post-judgment intervention or for the un-bonded stay of execution — for an indeterminate term — granted by the circuit court. We therefore reverse the “Order re Motion to Intervene and Stay” in its entirety.
 

 Background
 

 In the parlance of Florida commercial real estate finance, PS Capital made a $2.5 million “mezzanine” loan to Palm Springs Town Homes in May 2006. The loan was sandwiched between a first mortgage loan granted by a commercial bank and the equity invested by the investors in Palm Springs Town Homes. Those investors included the eight appellees who ultimately sought intervention in PS Capital’s 2008 note collection case against Palm Springs Town Homes.
 

 In the melee of litigation that follows almost every failed Florida real estate project,
 
 [1]
 
 the eight intervenor/investors filed a lawsuit in April 2008 in the circuit court for Palm Beach County (where the real estate was located) seeking rescission of their subscription agreement. This agreement governed their investment in the limited liability company, Palm Springs Town Homes. The intervenors also sought the appointment of a receiver to preserve the assets and claims of the LLC.
 

 Two months later, PS Capital filed its collection action on the promissory note against Palm Springs Town Homes in the circuit court for Miami-Dade County. Palm Springs Town Homes was duly served, but did not file any pleading or paper within the time provided by rule. PS Capital obtained a clerk’s default. PS Capital then moved for the entry of a final default judgment on its note.
 

 The intervenors maintain that they did not become aware of the collection case or motion for final judgment until the day before the hearing scheduled on that motion. They immediately filed a motion to intervene in the PS Capital collection action, alleging that if they succeeded in the Palm Beach County rescission action against Palm Springs Town Homes, then that entity “would not have had the authority to enter into the [PS Capital] Note.”
 
 [2]
 
 The motion also alleged that PS Capital “should not be permitted to obtain judgment until a Receiver is appointed [for Palm Springs Town Homes in the Palm Beach County suit] and takes all necessary action in the litigation to preserve all the assets in the company.” Although the Palm Beach County action had begun over four months earlier, no receiver had been appointed.
 

 The day after the intervenors’ motion was filed, the trial court heard PS Capital’s motion for the entry of final judgment and permitted counsel for the intervenors to argue their motion. At that point, none of the appellees had (a) joined PS Capital as a party in the Palm Beach County litigation, (b) filed any pleading asserting a
 
 *645
 
 defense to enforcement of the promissory note, or (c) moved the Miami-Dade court to vacate the clerk’s default against Palm Springs Town Homes. In order to allow the proposed intervenors additional time to prepare for a more extensive hearing on PS Capital’s motion for the entry of judgment and their own motion to intervene, the trial court deferred ruling on the motions and permitted the parties to reschedule a hearing on those motions the following month.
 

 On the morning of the deferred hearing, the intervenors filed a motion to amend in the Palm Beach County circuit court action to add PS Capital as a defendant. The intervenors argued that PS Capital could greatly prejudice them rights if allowed to execute on a judgment against Palm Springs Town Homes, by exercising rights as pledgee of equity interests in the entity (or executing on those interests) and thereby “becoming” Palm Springs Town Homes. The intervenors claimed that if PS Capital used execution to do this, it might compromise the valuable legal claims of the entity too cheaply, and for the exclusive benefit of PS Capital, to the detriment of the intervenors. The interve-nors also suggested that the Palm Beach County case should be transferred for consolidation with the Miami-Dade promissory note lawsuit, so that everything could be addressed by a single court.
 

 The trial court then granted PS Capital’s pending motion, entering a final judgment for the amount of $2,709,186 against Palm Springs Town Homes. The court entered a separate order granting the motion to intervene, staying execution of the final judgment, and denying PS Capital’s request that such a stay be conditioned on the posting of a surety bond by Palm Springs Town Homes. PS Capital appealed the order. In proceedings here, Palm Springs Town Homes has not cross-appealed or otherwise disputed the entitlement of PS Capital to a final judgment on its promissory note.
 

 Analysis
 

 Florida Rule of Civil Procedure 1.230 states:
 

 Interventions.
 

 Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
 

 In practice, however, intervention after judgment (or as in this case, as final judgment is being entered) is extraordinary and disfavored.
 
 Rodriguez v. Fernwoods Condo. Ass’n #2, Inc.,
 
 957 So.2d 1201, 1202 (Fla. 3d DCA 2007);
 
 Econ. Dev. Corp. of Dade County, Inc. v. Turner,
 
 485 So.2d 494 (Fla. 3d DCA 1986).
 

 The intervenors argue that
 
 Wags Transportation System, Inc. v. City of Miami Beach,
 
 88 So.2d 751 (Fla.1956), authorizes intervention when “the ends of justice require that it be granted.” In
 
 Wags,
 
 however, the proposed intervenors were residential homeowners seeking to join an appeal from a court order commercializing the entire zoning district in which they lived. The Supreme Court of Florida permitted intervention by the non-party but similarly-situated homeowners primarily because “[njothing is more sacred to one than his home.”
 
 Id.
 
 at 752. Here, the intervenors have no such standing. They are simply investors in an entity that failed to repay its admittedly-defaulted promissory note.
 

 In this case, the investors were unable to obtain the appointment of a receiver to defend the interests of Palm Springs Town Homes. Nor did the investors pur
 
 *646
 
 sue a derivative claim for the benefit of the 'rudderless, apparently insolvent real estate development entity as approved in
 
 Wulsin v. Palmetto Fed. Sav. & Loan Ass’n,
 
 507 So.2d 1149 (Fla. 3d DCA 1987),
 
 aff'd stib nom. Goldome Sav. Bank v. Wul-sin,
 
 530 So.2d 291 (Fla.1988). On this record, the investors lack any other legally cognizable basis to intervene.
 

 Similarly, the appellees’ motion for a stay of execution of the final judgment for an indefinite period should not have been granted. Although the Palm Beach County action was the first filed, PS Capital had commenced its collection suit in Miami-Dade County over three months before the intervenors sought to add PS Capital as a party defendant in the Palm Beach County case. That fact, among others, distinguishes this case from the judicial economy and first-to-file analysis applied by this court in
 
 Pilevsky v. Morgans Hotel Group Management, LLC,
 
 961 So.2d 1032 (Fla. 3d DCA 2007).
 

 And if a stay had been justified, which it was not, a bond would have been necessary to protect the judgment creditor from losses, costs, and legal expenses that might ensue as a result of the delay. “If a defendant seeks to stay execution of judgment pending the appeal, ‘he may obtain a stay “only by the posting of the bond in the amount set forth in Rule 9.310(b).” ’ ”
 
 Mellon United Nat. Bank v. Cochran,
 
 776 So.2d 964, 964 (Fla. 3d DCA 2000). In this case, the surety bond would have been for approximately $3,305,000.
 
 [3]
 

 Conclusion
 

 The preservation of litigation rights and alleged equity should not have been afforded to the appellees in this case at the expense of the appellant, a bona fide
 
 [4]
 
 creditor. The trial court properly entered a final judgment for the appellant, but should not have allowed intervention or stayed execution of that final judgment without a bond.
 

 The “Order re Motion to Intervene and Stay” is therefore reversed.
 

 [1]
 

 . For this project, for example, the senior lender filed a foreclosure action on the defaulted first mortgage; the investors sought rescission and other relief regarding their investment in Palm Springs Town Homes; PS Capital filed the lawsuit to collect its mezzanine loan; and the record discloses that additional litigation is underway or planned to pursue claims against a title company and a law firm.
 

 [2]
 

 . The court is reminded of the wistful adage: if I had some cheese, then if I had some bread, I’d have a cheese sandwich.
 

 [3]
 

 . The appellees argue that they are not appealing the final money judgment and therefore are not subject to the appellate bond requirement imposed by Fla. R.App. P. 9.310(b)(1). Even if correct, however, the intervenors would not be entitled to a "free” or unbonded stay for an indefinite period. As such a stay is nothing more than a type of injunction, a substantial bond would be appropriate under any analysis. On this record, the bond formula provided to protect judgment creditors in Rule 9.310(b)(1) seems a valid yardstick for that purpose as well.
 

 [4]
 

 . The intervenors did not allege, much less prove, any bad faith or participation by PS Capital in the alleged misrepresentations that induced them to invest in Palm Springs Town Homes.