LOGUE, J.
Chalks Airlines, Inc. sued the Miami Sports and Exhibition Authority and the City of Miami for a declaration that Chalks was not in default of a lease, under which it rents waterfront property. The City and the Authority counterclaimed for the possession of the leased property. After six years of litigation, the trial court entered a thirteen-page judgment entitled “Order on Plaintiffs Motion for Final Summary Judgment and Defendant’s Counter Motion for Final Summary Judgment,” which is the subject of this appeal.
As a preliminary issue, the City and the Authority contend this court lacks jurisdiction. In the order, the trial court held that both sides violated the lease in different ways, but stopped short of deciding who was entitled to possession of the leasehold. Instead, the order concluded: “[tjhis case should not proceed any further and the sensible resolution is for the parties to come to an equitable agreement and part ways without further expenditure of assets on this action which has no prevailing party in the court’s view.” We can hardly conceive of an order demonstrating greater wisdom or less finality.
Because the parties have not followed the trial court’s sage advice, the trial court’s labor is not at an end and will not be at an end until the trial court enters a final judgment that resolves the causes of action pled by the Plaintiff in its complaint and the Defendants in their counterclaim. See Goldome Sav. Bank v. Wulsin, 530 So.2d 291, 292 (Fla.1988) (recognizing that the test to determine the finality of court orders is “whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.”). To date, the trial court has done neither. An appeal must await the entry of a final judgment or appealable non-final order. See Fla. R. App. P. 9.110 & 9.130.
Appeal dismissed.